UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Anthony W. Higgs,<br>    Plaintiff, | )  Civil No.:<br>)<br>) |
| v. | )<br>) |
| Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner, Lake County Indiana and Lawrence D. Clark, individually.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

**JURISDICTION AND VENUE**

Comes now Plaintiff, Anthony W. Higgs, hereinafter referred to as "Plaintiff," by counsel, D. Eric Neff of the Law Offices of D. Eric Neff, P.C., and for his cause of action against the Defendants, complains and alleges as follows:

1. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, as the matters in controversy arise under the Constitution and laws of the United States of America. This Court has supplemental jurisdiction to hear the State claims alleged herein pursuant to 28 U.S.C. § 1367(a), as said State claims are so related to the claims in which this Court has original jurisdiction.

2. Venue is proper in the United States District Court for the Northern District of Indiana, Hammond Division, pursuant to 28 U.S.C. § 1391(b), wherein Plaintiff resides, all

1

Defendants regularly conduct business, and where all wrongful conduct occurred and continues to occur.

## PARTIES

3. Plaintiff, Mr. Anthony W. Higgs, is an adult male who was employed as the Building Manager for the Lake County Lake County Commissioners, located in Lake County, Indiana for the last seven years prior to his wrongful termination on or about October 13, 2020. That the Plaintiff caused to be filed with the United States Equal Employment Opportunity Commission a charge of discrimination on January 27, 2021 based on Sexual Orientation and Retaliation which resulted in the plaintiff receiving a "right to sue" letter on February 18, 2021. In May of 2020, Mr. Anthony W. Higgs, ran for election in the Democratic Primary for State Representative in the First District of the State of Indiana. The incidents for which this Complaint is filed constitute violations of Plaintiff's United States Constitutional rights, which are protected under 42 U.S.C. §1983.

4. Defendant, Michael C. Repay, is being sued in his individual capacity.

5. Defendant, Michael C. Repay, is being sued in his official capacity as Commissioner for Lake County, Indiana.

6. Defendants, Lake County Commissioners Kyle W. Allen, Sr. individually and in his official capacity as Lake County Commissioner, Jerry Tippy individually and in his official capacity as Lake County Commissioner.

7. Defendant Lake County is being sued as a Defendant by and through its commissioners.

8. Defendant Lawrence D. Clark is being sued in his individual capacity.

## FACTS

9. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-8 above with the same force and effect as though set forth herein.
10. Plaintiff was hired by the Lake County, Indiana as the Building Manager of the Lake County Court House located at 232 Russell Street, Hammond Indiana for seven years prior to October 13, 2020.
11. The Plaintiff was under the direct supervision of Defendant, Michael Repay Commissioner of Lake County, Third District.
12. In May of 2020, the Plaintiff, a Democrat, ran for election as the State Representative for the First District of Indiana.
13. Prior to the Plaintiff becoming a candidate for State Representative for the First District of Indiana, the Defendant, Michael Repay Commissioner of Lake County, Third District told the Plaintiff, "I prefer that you do not run; and it would not be in your best interest to run."
14. Prior to the Plaintiff running for political office against the directive of the Defendant, Michael Repay Commissioner of Lake County, Third District the Plaintiff had never been disciplined or written up for any work-related matters in his position of Building Manager of the Lake County Court House located at 232 Russell Street, Hammond Indiana.
15. In addition, prior to the Plaintiff running for political office against the directive of the Defendant, Michael Repay Commissioner of Lake County, Third District the Plaintiff's sexual orientation nor his job performance had never been an issue with his Employer.
16. Since the Plaintiff's unsuccessful bid to become the State Representative for the First District of Indiana in the May 2020 primary against the directive of the Defendant,

3

Michael Repay Commissioner of Lake County, Third District the following events transpired:

a. A subordinate employee, Defendant Lawrence D. Clark filed an unsubstantiated report with the Hammond Police Department alleging that the Plaintiff made inappropriate homosexual advances towards him. No criminal charges were filed as a result of the unsubstantiated report.

b. The Defendant Lake County and the Defendant Michael Repay Commissioner of Lake County, Third District without any notice, due process of law or even following the rules and procedures set forth in the Lake County Handbook for Employees suspended the Plaintiff without pay from his position as Building Manager of the Lake County Court House located at 232 Russell Street, Hammond, Indiana on October 7, 2020 due to the unsubstantiated report filed with the Hammond Police Department alleging that the Plaintiff made inappropriate homosexual advances to a fellow employee.

c. The Plaintiff's employer Lake County never advised him of the fictious allegations prior to October 7, 2020.

d. On or about October 7th or 8th, 2020 without any notice, due process of law or even following the rules and procedures set forth in the Lake County Handbook the Plaintiff was advised by Lake County Attorney Matthew Fech by way of a telephone call at 3:00 p.m. that the Plaintiff was suspended without pay for the allegations of sexual harassment.

e. That the Plaintiff was never given written notice of his termination or suspension by the Defendant Lake County.

f. Subsequently, on October 13, 2020 the Plaintiff without any notice, due process of law or even following the rules and procedures set forth in the Lake County Handbook was terminated by his employer Lake County again without written notice

g. The Plaintiff did not learn of his termination until he read about his termination in an article published by the Hammond Times on October 16, 2020.

h. The source of the defamatory article that appeared in the Hammond Times on October 16, 2020 was a memo authored by Lake County Attorney, Michael Fech that was sent to the Commissioners of Lake County and leaked to the Hammond Times from the Commissioner's Office.

i. That between October 7, 2020 and October 13, 2020 the Defendant Lake County used the threat of making the unsubstantiated report filed with the Hammond Police Department alleging that the Plaintiff made inappropriate homosexual advances to a fellow employee public to force the Plaintiff's resignation from his position as the Building Manager of the Lake Superior Court in Hammond, Indiana.

j. That the Defendants followed through with the threat by leaking Matthew Fech's memo to the Hamond times which resulted in the publication of the defamatory article on October 16, 2020.

k. After the Plaintiff learned of his termination by reading it in the newspaper on October 16, 2020 he requested a "Mediation" in conformance with the Lake County Handbook for Employees.

5

    l. That the Defendant, Lake County agreed to conduct the "mediation" on October 29, 2020 at 3:30 p.m.

    m. That at the "mediation" the allegations brought by the Defendant for his termination was changed from sexual harassment to job performance and the plaintiff was not reinstated.

17. Prior to the Plaintiff running for political office, he performed his duties in an exemplary manner while assigned the position of Building Manager of the Lake Superior Court in Hammond, Indiana, as demonstrated by (but not limited to) the fact the Plaintiff received no disciplinary complaints during said tenure.

18. That the Defendant, Michael Repay Commissioner of Lake County, Third District unreasonable, unjust, arbitrary and defamatory conduct against the Plaintiff is in retaliation for Plaintiff campaigning for a state office an action that is protected speech under the Constitution of the United States of America.

19. That the Defendant, Michael Repay Commissioner of Lake County, Third District unreasonable, unjust, arbitrary and defamatory conduct against the Plaintiff did nothing to enhance the efficiency and effectiveness of the operations of the Lake County Government.

20. That the Defendant, Michael Repay Commissioner of Lake County, Third District's conduct, in his individual capacity, violated Plaintiff's civil rights, as established under one of all of the following: the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983.

## COUNT I
## VIOLATION OF CIVIL RIGHTS

21. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-20 above with the same force and effect as if herein set forth.
22. That the Plaintiff's Count I is directed towards the Defendant Michael Repay, solely, in his individual capacity.
23. That the Plaintiff's right to run for political office constitutes speech, namely core political speech, and is therefore protected by the First Amendment of the Constitution of the United States of America.
24. That the Defendant, Michael Repay Commissioner of Lake County, Third District unreasonable, unjust, arbitrary and defamatory conduct against the Plaintiff is in retaliation for Plaintiff campaigning for a state office an action that is protected speech under the Constitution of the United States of America.
25. That as a direct and proximate result of Repay's improper and illegal activity described herein, taken against the Plaintiff because of Plaintiff's core political speech, Plaintiff has been denied his Constitutional right to Freedom of Speech and Association.

**WHEREFORE**, Plaintiff, by counsel, respectfully requests that this Court award compensatory and punitive damages in such amounts as the jury may determine sufficient to punish Michael Repay for and deter others from committing the Constitutional violations alleged in this Complaint, award Plaintiff his costs, expenses and reasonable attorney's fees, pursuant to, *inter alia,* 42 U.S.C. § 1988, and other federal and state laws; and for all other and further relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION IN VIOLATION OF TITLE VII BASED ON PLAINTIFF'S SEXUAL ORIENTATION

7

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-25 above with the same force and effect as if herein set forth.

27. That the Plaintiff's Count II claim is based upon discrimination due to his sexual orientation of being a homosexual and against the Defendants Lake County his employer, by and through the Defendants Lake County Commissioners, including Lake County Commissioner, Michael Repay in his official capacity and individual capacity, Lake County Commissioner, Kyle W. Allen, Sr. in his official capacity and individual capacity, and Lake County Commissioner, Jerry Tippy in his official capacity and individual capacity for violation of Title VII's prohibition on employment discrimination based on sexual orientation.

28. The Plaintiff held a supervisory position with the Defendant Lake County under the direction of Defendant Michael Repay for seven years immediately prior to his dismissal by the Defendants.

29. That on September 16, 2020 a subordinate employee filed a false complaint against the Plaintiff alleging that he made sexual advances against the complainant who was a male.

30. That no criminal charges were ever filed as a resort of the false complaint.

31. The Defendants then suspended the Plaintiff without pay or hearing on October 7, 2020 due to his sexual orientation.

32. The Defendants then terminated the Plaintiff's employment due to his sexual orientation on October 13, 2020 without notice, hearing or any form of due process whatsoever; and threatened to make his sexual orientation public if he did not resign.

33. That according to an article published in the The Time's Newspaper on October 16, 2020 the newspaper stated: "That's according to a county memo issued Tuesday and obtained

8

by the Times Thursday. The memo written by county attorney Matthew Fech to the Lake County Commissioners, outlined the basis for Higgs' termination as building manager in Hammond referencing the Plaintiff's sexual orientation and the false report.

34. That the false report and subsequent reasons given by the Defendants for the Plaintiff's suspension and termination were pretextual and that the real reason was due to his homosexual orientation.

**WHEREFORE**, Plaintiff, by counsel, respectfully requests that this Court award compensatory and punitive damages in such amounts as the jury may determine sufficient to punish the Defendants, Lake County by and through the Lake County Commissioners, the Defendant Lake County Commissioner, Michael Repay individually and in his official capacity, Lake County Commissioner, Kyle W. Allen, Sr. individually and in his official capacity, and Lake County Commissioner, Jerry Tippy individually and in his official capacity to deter others from committing the Constitutional violations alleged in this Complaint, award Plaintiff his costs, expenses and reasonable attorney's fees, pursuant to, *inter alia,* 42 U.S.C. § 2000e-2(a) (1) *et seq.*, and other federal and state laws; and for all other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF PLAINTIFF'S LIBERTY INTEREST PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

35. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-34 above with the same force and effect as if herein set forth.

36. That the Plaintiff's Count III is directed against the Defendant Lake County and the Lake County Commissioners in their Individual and Official Capacities.

37. The Plaintiff was a public employee for the seven years immediately leading up to his termination by the Defendant Lake County and the Lake County Commissioners in their Individual and Official Capacities on October 13, 2020.

38. That on September 16, 2020 a subordinate employee filed a false complaint against the Plaintiff alleging that he made sexual advances against the complainant who was a male.

39. That the only reason that the Plaintiff was given by the Defendants Lake County and the Lake County Commissioners in their individual and official capacity was for his suspension without pay was the unsubstantiated report filed with the Hammond Police Department alleging that the Plaintiff made inappropriate homosexual advances to a fellow employee.

40. Subsequently, on October 13, 2020 the Plaintiff without any notice, due process of law or even following the rules and procedures set forth in the Lake County Handbook was terminated by his employer Lake County.

41. That according to an article published in the The Time's Newspaper on October 16, 2020 the newspaper stated: "That's according to a county memo issued Tuesday and obtained by the Times Thursday. The memo written by county attorney Matthew Fech to the Lake County Commissioners, outlined the basis for Higgs' termination as building manager in Hammond" referencing the false report filed against the Plaintiff.

42. That the Defendant Lake County and the Defendant Lake County Commissioners in their individual and official capacity made public accusations that were likely to ruin the

Plaintiff's career without a hearing and an opportunity to clear his name before making the false accusations public.

43. The Defendant Lake County and the Defendants the Lake County Commissioner's individually and in their official capacity deprived the Plaintiff of his liberty interest by firing him on the basis of public, highly stigmatizing charges that denied the Plaintiff of due process of law in failing to give the Plaintiff the opportunity to meet the truth or falsity of the charges, prior to making the charges public.

   **WHEREFORE**, Plaintiff, by counsel, respectfully requests that this Court award compensatory and punitive damages in such amounts as the jury may determine sufficient to punish the Defendants, Lake County, the Defendant Lake County Commissioner, Michael Repay individually and in his official capacity, the Defendant Lake County Commissioner, Kyle Allen, Sr., individually and in his official capacity, the Defendant Lake County Commissioner, Jerry Tippy, individually and in his official capacity to deter others from committing the Constitutional violations alleged in this Complaint, award Plaintiff his costs, expenses and reasonable attorney's fees, pursuant to the Due Process Clause of the Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 and other federal and state laws; and for all other and further relief as the Court may deem just and proper.

## COUNT IV
## STATE LAW CLAIM OF
## DEFAMATION

44. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-43 above with the same force and effect as if herein set forth.

45. The Plaintiff's Count IV is directed against Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner, Lake County Indiana and Lawrence D. Clark, individually.

46. A subordinate employee, Defendant Lawrence D. Clark filed an unsubstantiated report with the Hammond Police Department alleging that the Plaintiff made inappropriate homosexual advances towards him on or about September 16, 2020  No criminal charges were filed as a result of the unsubstantiated report.

47. That the report was false and communicated by the Defendant, Lawrence D. Clark with a defamatory imputation to the Plaintiff's reputation for nefarious purposes resulting in maliciousness.

48. That the Defendant, Lawrence D. Clark caused the publication of the malicious statement to the Hammond Police Department and to the Defendants Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner, Lake County Indiana.

49. That the malicious report made by the Defendant, Lawrence D. Clark  was for the express purpose for the Plaintiff to lose his job as the Building Manager for the Lake Superior Courthouse located in Hammond, Indiana due to the fact that the Defendant Lawrence D. Clark had been written up by the plaintiff on numerous occasions.

50. The Defendants Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner, Lake County Indiana then caused the republication of the malicious report to the Hammond Times by providing a memo written by Lake County Attorney for the Defendant Commissioners to the Hammond Times on Thursday October 15, 2020

51. That the republication of the false report was made by the Defendants Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner, Lake County Indiana to ruin and defame the Plaintiff publicly to remove him from his job as Building Manager for the Lake Superior Courthouse located in Hammond, Indiana and to prevent his running for political office ever again.

52. That as a direct and proximate cause of the maliciousness of the Defendants' Lawrence D. Clark, Defendants Michael Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner maliciousness directed to the Plaintiff he has been damaged by losing his job, the inability to find employment, public humiliation, and the intentional act of causing mental distress to the Plaintiff which is ongoing.

**WHEREFORE**, Plaintiff, by counsel, respectfully requests that this Court award compensatory and punitive damages against the Defendants Lawrence D. Clark, Michael

Repay, individually, and in his official capacity as Lake County Commissioner, Kyle W. Allen, Sr. individually, and in his official Capacity as Lake County Commissioner, Jerry Tippy, Individually, and in his official capacity as Lake County Commissioner in such amounts as the jury may determine sufficient, and for all other relief just and proper in the premises.

## JURY DEMAND

1. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-44 above with the same force and effect as if herein set forth.

2. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial on all issues so triable.

Respectfully,

/s/ D. Eric Neff, 10153-45
D. Eric Neff, 10153-45
Plaintiff's Attorneys
Law Offices of D. Eric Neff, P.C.
1186 East Summit Street
Crown Point, Indiana 46307
(219) 663-0300
(219) 663-8530
dericneff@sbcglobal.net

## VERIFICATION

Comes now Plaintiff, Anthony W. Higgs, and under the pains and penalties of perjury states and verifies the following:

1. I am the Plaintiff in the above-captioned case.
2. I have reviewed the complaint.
3. Regarding the allegations contained on said complaint, of which I have personal knowledge, I believe them to be true.

4. Regarding the allegations of which contained in said complaint of which I do not have personal knowledge, I believe said allegations to be true based on specified information, documents, or both.

*Anthony W. Higgs*
Anthony W. Higgs

STATE OF INDIANA    )
                    ) SS:
COUNTY OF LAKE      )

Before me, the undersigned, a Notary Public in and for said County and State, came Anthony W. Higgs, and acknowledged the execution of the foregoing Verification.

WITNESS my hand and Notarial seal this __17th__ day of __May__ 2021.

NOTARY PUBLIC - STATE OF INDIANA
SEAL
LEIGHANN LOWERY
COMMISSION NUMBER NP0720623
MY COMMISSION EXPIRES JUNE 04, 2027

*Leighann Lowery*, Notary Public

My Commission Expires:
County of Residence:

15